IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KAREEM OWENS,**<br>    Petitioner | :<br>:  Criminal Action No. 1:09-CR-078-4<br>: |
| v. | :<br>:<br>:  (Chief Judge Kane) |
| **UNITED STATES OF AMERICA,**<br>    Respondent | :<br>: |

## MEMORANDUM

Currently pending before the Court is Petitioner's motion to vacate his sentence filed pursuant to 28 U.S.C. § 2255. (Doc. No. 521.) The motion has been fully briefed and is now ripe for disposition. For the reasons stated more fully herein, the Court will deny Petitioner's motion.

**I.    BACKGROUND**

On February 1, 2010, Petitioner pleaded guilty to two counts of possession with the intent to distribute fifty or more grams of heroin and cocaine base. (Doc. No. 364.) The Court sentenced Petitioner to serve a term of imprisonment to last 292 months and dismissed all remaining charges against Petitioner. (Doc. No. 465.) The United States Court of Appeals for the Third Circuit affirmed both the conviction and sentence imposed by this Court on May 11, 2011. (Doc. No. 493.) Petitioner filed the instant motion to vacate his sentence pursuant to 28 U.S.C. § 2255 on November 17, 2011. (Doc. No. 521.)

**II.    DISCUSSION**

Each of the arguments raised by Petitioner in his motion to vacate are based on claims of ineffective assistance of counsel. In order to succeed, a collateral attack of a sentence based upon a claim of ineffective assistance of counsel must satisfy the two-part test established by the

United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). See George v. Sively, 254 F.3d 438, 443 (3d Cir. 2001). The first Strickland prong requires Petitioner to establish that his attorney's performance was deficient. Jermyn v. Horn, 266 F.3d 257, 282 (3d Cir. 2001). This prong requires Petitioner to show that counsel made errors "so serious" that counsel was not functioning as guaranteed under the Sixth Amendment. Id. To meet this burden, Petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness under the prevailing professional norms. Id. (citing Strickland, 466 U.S. at 688). However, "[t]here is a 'strong presumption' that counsel's performance was reasonable." Id. Under the second Strickland prong, Petitioner "must demonstrate that he was prejudiced by counsel's errors." Id. This prong requires Petitioner to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. (quoting Strickland, 466 U.S. at 694.) "Reasonable probability" is defined as "a probability sufficient to undermine confidence in the outcome." Id. (quoting Strickland, 466 U.S. at 694).

     In his motion to vacate, Petitioner raises eight claims of ineffective assistance of counsel, namely: (1) failure to file a motion to sever; (2) failure to challenge the second superceding indictment; (3) failure to challenge the quantity of drugs alleged in the indictment; (4) failure to challenge the admissibility of co-conspirator hearsay evidence used in the grand jury investigation; (5) failure to challenge the legality of the February 5, 2008 stop leading to Petitioner's arrest; (6) failure to challenge the legality of the February 27, 2009 stop and search leading to Petitioner's indictment; (7) failure to challenge the prosecution as a violation of due

process and double jeopardy; and (8) failure to challenge Petitioner's designation as a career offender. The Court will address Petitioner's claims seriatim.

### A. Failure to File a Motion to Sever

Rule 8(b) of the Federal Rules of Criminal Procedure permits defendants to be charged together "if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." Fed. R. Crim. P. 8(b). In the present matter, the appropriateness of joinder pursuant to Rule 8(b) is not in dispute. Rule 14 of the Rules of Criminal Procedure, in turn, permits a district court to sever the defendants' trials in those cases where joinder would prejudice a defendant. Fed. R. Crim. P. 14(a). Recognizing the "vital role" joint trials play in the criminal justice system, however, the Supreme Court has stated a "preference" for joint trials of defendants who are indicted together. See Zafiro v. United States, 506 U.S. 534, 537 (1993) (citing Richardson v. Marsh, 481 U.S. 200, 209 (1987)). As explained by the United States Court of Appeals for the Seventh Circuit:

> Joint trials reduce the expenditure of judicial and prosecutorial time; they reduce the claims the criminal justice system makes on witnesses, who need not return to court for additional trials; they reduce the chance that each defendant will try to create a reasonable doubt by blaming an absent colleague, even though one or the other (or both) undoubtedly committed a crime. The joint trial gives the jury the best perspective on all the evidence and therefore increases the likelihood of a correct outcome.

United States v. Buljubasic, 808 F.2d 1260, 1263 (7th Cir. 1987); see also Buchanan v. Kentucky, 483 U.S. 402, 418 (1987) (noting that in joint trials juries are better able to arrive at a reliable conclusion regarding guilt or innocence and fairly assign blame during sentencing).

Given the policy favoring joint trials, a motion to sever trials is not to be freely granted. See United States v. Quintero, 38 F.3d 1317, 1343 (3d Cir. 1994) (recognizing that a defendant

has "a heavy burden in gaining severance"). "[D]efendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." Zafiro, 506 U.S. at 540. Rather, where a matter has been properly joined, a court may only grant a motion to sever where "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Id. at 539.

Petitioner argues that severance was warranted in this case and that Attorney Abom provided ineffective representation by failing to move for severance on Petitioner's behalf. (Doc. No. 523 at 12.) Specifically, Petitioner argues that Counts I, II, and III of the second superseding indictment, which arose out of an arrest in 2008, should have been severed from Counts V, VI, and VII of the second superseding indictment, which arose out of incidents in 2009 that were presented to the grand jury. (Id. at 12-13.) These counts were all part of a common drug trafficking scheme in which Petitioner, along with varying subordinates, was the primary actor. Petitioner argues that the joinder of these charges would prevent a jury from making a reliable determination of Petitioner's guilt or innocence, because evidence used to substantiate the former group of charges could be improperly used by the jury to convict Petitioner of the latter group of charges. (Id.)

The Third Circuit has noted that "under Federal Rule of Evidence 404(b), evidence of other crimes, wrongs, or acts may be used to show motive, preparation, or plan." United States v. Gorecki, 813 F.2d 40, 43 (3d Cir. 1987). Because of this, even when charges are severed from one another, evidence of one severed charge may still "be relevant evidence at a separate trial" for the other severed charge. Id. In this case, severance of one group of charges from the other

would not have eliminated a jury's exposure to the evidence used to substantiate each set of charges.  Under Rule 404(b), evidence of the first set of charges could have been introduced at a trial for the second set of charges to show motive or plan.  Fed. R. Evid. 404(b).  Thus, because the evidence of each set of charges could have been introduced before a jury regardless of whether the charges were severed or not and Petitioner therefore suffered no prejudice by the joinder of charges.  Accordingly, it was not an error for Attorney Abom to refrain from filing a motion to sever on Petitioner's behalf.

        **B.**        **Failure to Challenge the Second Superceding Indictment**

Petitioner alleges that Attorney Abom provided ineffective representation by failing to object to the second superceding indictment.  (Doc. No. 523.)  Specifically, Petitioner alleges that the indictment was not filed until after initial plea negotiations failed and the increased number of charges in the indictment constitutes prosecutorial vindictiveness.  (Doc. No. 523 at 8-12.)  As a general rule, the decision to prosecute a specific offense is within the broad discretion of the prosecutor so long as each charge is substantiated by probable cause. Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978).  However, "[p]rosecutorial vindictiveness may occur when the government penalizes a defendant for invoking legally protected rights." United States v. Schoolcraft, 879 F.2d 64, 67 (3d Cir. 1989) (citing United States v. Goodwin, 457 U.S. 368, 372 (1982); Bordenkircher, 434 U.S. at 363; Blackledge v. Perry, 417 U.S. 21, 28 (1974)).  The burden of proving prosecutorial vindictiveness lies with the defendant, and it can only be shown through evidence of a "prosecutor's retaliatory motive," or evidence sufficient to establish a presumption of vindictiveness.  United States v. Paramo, 998 F.2d 1212, 1220 (3d Cir. 1993).

With respect to charges being added to an indictment after plea negotiations have failed, the Supreme Court has held that:

> Since charges brought in an original indictment may be abandoned by the prosecutor in the course of plea negotiation – in often what is clearly a "benefit" to the defendant – changes in the charging decision that occur in the context of plea negotiation are an inaccurate measure of improper prosecutorial "vindictiveness." An initial indictment – from which the prosecutor embarks on a course of plea negotiation – does not necessarily define the extent of the legitimate interest in prosecution. For just as a prosecutor may forgo legitimate charges already brought in an effort to save the time and expense of trial, a prosecutor may file additional charges if an initial expectation that a defendant would plead guilty to lesser charges proves unfounded.

United States v. Goodwin, 457 U.S. 368, 379 (1982). Petitioner's argument merely alleges prosecutorial vindictiveness based on the fact that charges were added to his indictment after plea negotiations failed; this argument is contrary to Supreme Court jurisprudence which has stated that the addition of such charges does not equate to vindictiveness. Accordingly, it was not an error in representation for Attorney Abom to refuse to challenge the second superceding indictment on the basis of prosecutorial vindictiveness.

### C.   Failure to Challenge the Quantity of Drugs Alleged in the Indictment

On February 1, 2010, Petitioner pleaded guilty to two counts of possession with intent to distribute more than fifty grams of heroin and cocaine base. (Doc. No. 483.) Petitioner now contends that the amount of drugs he possessed was far less than the amount alleged in the indictment, and he argues that Attorney Abom was ineffective for failing to challenge that amount. (Doc. No. 523 at 16.) In response to the Government's assertion at the guilty plea hearing that Petitioner possessed in excess of fifty grams of heroin and cocaine base, Attorney Abom stated on Petitioner's behalf that "that amount he concedes did exceed fifty grams." (Doc.

No. 483 at 17.)  In response to Attorney Abom's statement, Petitioner responded by saying "[y]es, that's correct." (<u>Id.</u>)  The Court subsequently found that Petitioner entered his plea voluntarily and accepted Petitioner's guilty plea. (<u>Id.</u> at 21.)

As the Third Circuit has stated:

> Here the appellant, with the advice of counsel, pleaded guilty to the indictment.  That plea constituted an admission of his guilt, a waiver or all nonjurisdictional defects and defenses, and admitted all the facts averred in the indictment.  The appellant, therefore, could not be heard to challenge those facts in a habeas corpus proceeding.  Nor can he do so upon a motion under Section 2255 to set aside the judgment of conviction.

<u>United States v. Gallagher</u>, 183 F.2d 342, 344 (3d Cir. 1950); <u>see also</u> <u>Washington v. Sobina</u>, 475 F.3d 162, 165 (3d Cir. 2007) ("It is well established that a criminal defendant's unconditional, knowing and voluntary plea of guilty waives all non-jurisdictional issues"); <u>Builes v. United States</u>, No. 03-10101, 2010 U.S. Dist. LEXIS 142486, at *16 (D. Mass. Nov. 15, 2010) (concluding that defense counsel was not ineffective for failing to challenge the drug amount where the defendant entered a knowing and voluntary guilty plea to possession of cocaine in an amount exceeding five kilograms).  Accordingly, Petitioner's guilty plea forecloses him from challenging the amount of drugs alleged in the indictment.  Thus, Attorney Abom's decision to refrain from challenging the amount of drugs alleged in the indictment did not cause the requisite prejudice necessary to establish an ineffective assistance of counsel claim. See <u>Strickland</u>, 466 U.S. at 688.

### D. Failure to Challenge the Admissibility of Co-Conspirator Hearsay Evidence Used in the Grand Jury Investigation

Petitioner alleges Attorney Abom provided ineffective assistance because he failed to challenge the use of co-conspirator hearsay evidence in the grand jury investigation. (Doc. No.

523 at 14-16.) Regardless of whether such evidence was admissible under Rule 801(d)(2)(E) of the Federal Rules of Evidence, the Third Circuit has held that:

> There is no prohibition on the use of hearsay by a grand jury, unless (1) non-hearsay was readily available; and unless (2) the grand jury was also misled into believing it was hearing direct testimony rather than hearsay; and unless (3) there is also a high probability that had the jury heard the eye-witness testimony it would not have indicted the defendant.

United States v. Ismaili, 828 F.2d 153, 164 (3d Cir. 1987) (citing United States v. Wander, 601 F.2d 1251, 1260 (3d Cir. 1979)). Petitioner has failed to produce any evidence which would satisfy any of the three factors necessary to prohibit a grand jury from considering hearsay evidence. Accordingly, it was not an error for Attorney Abom to refrain from challenging the grand jury's use of the hearsay evidence.

### E. Failure to Challenge the Legality of the February 5, 2008 Stop Leading to Petitioner's Arrest

On February 5, 2008, a Harrisburg Police Officer executed a traffic stop for suspicion of drunk driving on a vehicle in which Petitioner was a passenger. (Doc. No. 336 at 2.) The owner of the vehicle was not present, so officers detained the vehicle to wait on the owner to arrive at the scene. (Id.) Upon arrival, the owner consented to a search of the vehicle, and officers subsequently discovered a loaded handgun and crack cocaine. (Id. at 2-3.) A suppression hearing was held on December 14, 2009, with respect to the evidence seized during this stop, and the Court found the evidence was admissible because the stop was supported by reasonable suspicion. (Id. at 8.)

Petitioner now argues that Attorney Abom was ineffective because he failed to adequately challenge the legality of the stop under the Fourth Amendment. Specifically,

Petitioner argues that the Fourth Amendment was violated because the duration of the stop was impermissibly long. (Doc. No. 523 at 18.) The Supreme Court has noted that:

> The temporary seizure of driver and passengers ordinarily continues, and remains reasonable, for the duration of the stop. Normally, the stop ends when the police have no further need to control the scene, and inform the driver and passengers they are free to leave.

Arizona v. Johnson, 555 U.S. 323, 333 (2009). Here, the officers had a continued need to control the scene which justified the duration of the stop, because they had to wait on the owner of the vehicle to arrive at the scene. Consequently, the duration of the stop did not violate the Fourth Amendment, and Attorney Abom did not err by refusing to challenge the length of the stop at the suppression hearing.

    **F.**    **Failure to Challenge the Legality of the February 27, 2009 Stop and Search Leading to Petitioner's Indictment**

On February 27, 2009, Petitioner was a passenger in another traffic stop that occurred after a law enforcement officer followed the vehicle for one half of a mile and observed it exceeding the posted speed limit by twenty miles per hour. (Doc. No. 540-1 at 1.) The driver of the vehicle, who was also the owner, gave officers consent to search the vehicle. (Id. at 5, 7.) The search resulted in the discovery of a substantial amount of heroin. (Id. at 6.) A suppression hearing was held on December 14, 2009, where Petitioner argued that the scope of the seizure extended beyond that which was reasonable for a speeding violation. (Doc. No. 336 at 8.) The Court found the evidence was admissible because the stop was supported by reasonable suspicion and that the officer had received information from a confidential informant that justified the expanded scope of the search. (Doc. No. 336 at 10-11.)

Petitioner argues that Attorney Abom was ineffective because he failed to adequately challenge the stop and search on Fourth Amendment grounds. Specifically, Petitioner argues the Fourth Amendment was violated because the stop of the vehicle was not based on reasonable suspicion and the search of the vehicle was the product of police-created exigency. (Doc. No. 523 at 23-27.) Both arguments are without merit. The Third Circuit has stated that "any technical violation of a traffic code legitimizes a stop, even if the stop is merely pretext for an investigation of some other crime;" therefore, the officer was justified in stopping the vehicle because it was traveling in excess of the speed limit. United States v. Mosley, 454 F.3d 249, 252 (3d Cir. 2006). Additionally, the argument that the Fourth Amendment was violated based on police-created exigency is misguided, because the search was justified based on consent, not exigency. (Doc. No. 540-1 at 7.) Voluntary consent is recognized as a means of legitimizing a search and eliminating any warrant requirement under the Fourth Amendment. Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973). Accordingly, Petitioner's arguments regarding violations of the Fourth Amendment are erroneous, and Attorney Abom committed no error by failing to address these claims at the suppression hearing.

### G. Failure to Challenge Prosecution as a Violation of Due Process and Double Jeopardy

Petitioner argues that Attorney Abom rendered ineffective assistance by failing to challenge the prosecution as a violation of due process and double jeopardy because state charges which were dismissed precluded the Government from bringing similar federal charges. (Doc. No. 523 at 19, 20.) "The Supreme Court has squarely held that a federal prosecution is not barred under the Fifth Amendment's Double Jeopardy Clause by a prior state prosecution for the same act. United States v. Morris, 276 F. App'x 202, 203 (3d Cir. 2008) (citing Abbate v.

United States, 359 U.S. 187, 194 (1959)). Therefore, although state charges were brought against Petitioner, the Government was permitted to bring similar charges under federal law without implicating a violation of due process or double jeopardy. Id. For this reason, Attorney Abom's decision to refrain from challenging the federal prosecution on the grounds of a due process or double jeopardy violation was not objectively unreasonable.

### H.     Failure to Challenge Petitioner's Designation as a Career Offender

Petitioner alleges Attorney Abom was ineffective because he failed to contest Petitioner's designation as a career offender for sentencing purposes. (Doc. No. 523 at 27-28.) "The career offender guideline applies when a defendant has at least three qualifying convictions, including that for the current offense." United States v. Broomer, 71 F. App'x 165, 167 (3d Cir. 2003) (citing U.S.S.G. § 4B1.1). Petitioner does not dispute the fact that he has been convicted of two separate drug offenses in the past. Rather, he argues that consolidation of the sentences imposed for those convictions reduces those convictions to one conviction under Section 4B1.1 of the United States Sentencing Guidelines. The Third Circuit has found that "'[p]rior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense).'" United States v. Chappell, No. 11-1677, 2011 U.S. App. LEXIS 26026, at *5 (3d Cir. Dec. 30, 2011) (citing United States v. Hallman, 23 F.3d 821, 825 (3d. Cir. 1994)). An intervening arrest took place between the two prior convictions; therefore, career offender status was warranted under the United States Sentencing Guidelines. Attorney Abom did not err by failing to challenge Petitioner's classification as a career offender.

## IV.    CERTIFICATE OF APPEALABILITY

In proceedings brought under 28 U.S.C. § 2255, a petitioner cannot appeal a denial of a motion to vacate unless a Certificate of Appealability has been issued. United States v. Eyer, 113 F. 3d 470, 472 (3d Cir. 2000). Under 28 U.S.C. § 2253(c)(2), a court may not issue a Certificate of Appealability unless "the applicant has made a substantial showing of the denial of a constitutional right." In other words, a Certificate of Appealability should not issue unless "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court finds that reasonable jurists would not disagree with the Court's assessment of Petitioner's claims. Accordingly, a Certificate of Appealability will not issue in this case.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KAREEM OWENS,                           :
    Petitioner                          :       Criminal Action No. 1:09-CR-078-4
                                        :
v.                                      :
                                        :       (Chief Judge Kane)
UNITED STATES OF AMERICA,               :
    Respondent                          :

# **ORDER**

**AND NOW**, on this 23rd day of April, 2012, **IT IS HEREBY ORDERED THAT** Petitioner's motion to vacate (Doc. No. 521) is **DENIED**. No Certificate of Appealability shall issue. The Clerk of Court is directed to close the case.

                                              S/Yvette Kane
                                              Yvette Kane, Chief Judge
                                              United States District Court
                                              Middle District of Pennsylvania